IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
OMAHA DIVISION

**BRANDON WASHINGTON**                                            **PLAINTIFF**

vs.                                   No. 8:22-cv-232

**NS CONSULTING, LLC, and**                            **DEFENDANTS**
**ANDREW NORTHWALL**

## ORIGINAL COMPLAINT

Plaintiff Brandon Washington ("Plaintiff) by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint ("Complaint") against Defendants NS Consulting, LLC, and Andrew Northwall (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann.§ 11-4-201, et seq. (the "AMWA"), and Ark. Code Ann. § 11-4-405.

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policies and practice of failing to pay sufficient wages under the FLSA and the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Nebraska has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges violations of Arkansas state law, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's Arkansas state law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants are headquartered in the State of Nebraska. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Nebraska has personal jurisdiction over Defendants, and Defendants therefore "reside" in Nebraska.

8. The acts alleged in this Complaint had their principal effect within the Omaha Division of the District of Nebraska, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Faulkner County, Arkansas.

10. Separate Defendant NS Consulting, LLC ("NSC"), is a Nebraska limited liability company.

11. NSC's registered agent for service of process is Scott A. Lautenbaugh at 1905 Harney Street, Suite 224, Omaha, Nebraska 68102.

12. Separate Defendant Andrew Northwall ("Northwall") is an individual and resident of Nebraska.

### IV.   FACTUAL ALLEGATIONS

13. Northwall is a principal, director, officer, and/or owner of NSC.

14. Northwall took an active role in operating NSC and in the management thereof.

15. Northwall, in his role as an operating employer of NSC, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

16. Northwall, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

17. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as computers and equipment.

19. Within the two years preceding the filing of this complaint, Defendants have continuously employed at least four employees.

20. Defendants are an "employer" within the meaning set forth in the FLSA and the AMWA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

21. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and AMWA.

22. Defendants employed Plaintiff within the three years preceding the filing of this lawsuit.

23. Specifically, Defendants employed Plaintiff as a Full Stack Programmer ("FSP") from approximately September of 2021 until February of 2022.

24. Plaintiff performed work in Arkansas.

25. Defendants classified Plaintiff as exempt from the overtime provisions of the FLSA and the AMWA.

26. At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

27. In the course of his duties for Defendants, Plaintiff regularly used instrumentalities of interstate commerce such as his cell phone, computer, and the internet.

28. Defendants paid Plaintiff a salary of $7,000 per month.

29. Plaintiff was not paid for the final month he worked for Defendants.

30. Defendants did not provide Plaintiff with a timekeeping system by which he could track his time at work.

31. Plaintiff regularly communicated with Defendants and his supervisors in carrying out his duties.

32. Plaintiff completed the tasks assigned to him.

33. Defendants knew or should have known that they did not pay Plaintiff for all hours worked.

34. Plaintiff's employment was terminated in February of 2022.

35. Defendants failed to pay Plaintiff his final paycheck for his final month of work.

36. Because Plaintiff received no wages for his final month of work, Defendants failed to pay Plaintiff a minimum wage for all hours worked during that period, and overtime premiums for all hours worked over 40 each week.

37. Defendants have willfully failed to pay sufficient wages to Plaintiff.

38. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

### V. FIRST CAUSE OF ACTION–VIOLATION OF THE FLSA

39. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

40. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

43. Defendants failed to pay Plaintiff for all hours worked.

44. Defendants failed to pay Plaintiff a lawful minimum wage for hours worked during his final month of work.

45. Defendants failed to pay Plaintiff 1.5x his regular hourly rate for hours worked over 40 each week during his final month of work.

46. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

47. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary and liquidated damages, costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

48. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.5.C. § 216(b).

49. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CAUSE OF ACTION–VIOLATION OF THE AMWA

50. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

51. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

52. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

53. Defendants failed to pay Plaintiff for all hours worked.

54. Defendants failed to pay Plaintiff a lawful minimum wage for hours worked during his final month of work.

55. Defendants failed to pay Plaintiff 1.5x his regular hourly rate for hours worked over 40 each week during his final month of work.

56. Defendants knew or should have known that its practices violated the AMWA.

57. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VIII. THIRD CAUSE OF ACTION—
## VIOLATION OF ARK. CODE ANN. § 11-4-405

59. Plaintiff asserts this claim for damages and declaratory relief pursuant to Ark. Code Ann. § 11-4-405.

60. At all relevant times, Defendant was Plaintiff employer for purposes of Ark. Code Ann. § 11-4-405.

61. Ark. Code Ann. § 11-4-405 requires employers to pay all wages due to a discharged employee by the next regular payday.

62. Defendant discharged Plaintiff's employment but failed to pay Plaintiff all wages due to him.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brandon Washington respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, Ark. Code Ann. § 11-4-405 and their related regulations;

B. Judgment for damages owed to Plaintiff under the FLSA, the AMWA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA and their related regulations;

D. Judgment for damages and liquidated damages owed to Plaintiff under Ark. Code Ann. § 11-4-405;

E. An order directing Defendants to pay Plaintiff interest, a reasonable attorney's fee, and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF BRANDON WASHINGTON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com