IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| BRANDON WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NS CONSULTING, LLC, and<br>ANDREW NORTHWALL,<br><br>　　　　　Defendants. | **CASE NO. 8:22-CV-232** |

**PLAINTIFF BRANDON WASHINGTON'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT ANDREW NORTHWALL.**

　　Plaintiff Brandon Washington ("Plaintiff"), by and through his undersigned attorneys, for his First Set of Interrogatories and Requests for Production to Defendant Andrew Northwall ("Defendant"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, to be answered within thirty days after service of this request, does hereby state as follows:

**I.　　GENERAL INSTRUCTIONS**

　　1.　　The responses, documents and things should be provided by delivering or mailing them to the offices of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Pkwy, Suite 510, Little Rock, Arkansas 72211, or if sent via email, to josh@sanfordlawfirm.com and discovery@sanfordlawfirm.com.

　　2.　　These requests are continuing in nature for all information that is now or may hereafter become known or available to Defendant until the date of compliance with

Page 1 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

this request or trial, whichever is later, unless otherwise stated. Defendant should respond with additional information subsequent to its initial responses as and whenever such additional information is acquired, located, or comes into existence.

3. Responsive electronically stored information should be produced in its native form; that is, in the form in which the information was originally created, used and stored by the native application in the ordinary course of business. Do not convert any electronically stored information to an image or printed format. For example, if a document was created using Microsoft Excel, then that document should be provided in its original .xls file format.

4. For databases, unless the entire contents of a database is responsive, extract responsive content to a fielded and electronically searchable format (such as Microsoft Excel) preserving metadata values, keys and field relationships.

5. For all responsive electronically stored information, provide delimited load files supplying the relevant system metadata field values for all responsive electronically stored information. The field values supplied should include:

   a. Bates Number
   b. File Name
   c. Custodian
   d. Source File Path
   e. Production File Path
   f. Last Modified Date and Time

The following additional fields should accompany e-mail messages:

Page 2 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

    g. To

    h. From

    i. Cc

    j. BCC

    k. Date Sent

    l. Time Sent

    m. Subject

    n. Date Received

    o. Time Received

    p. Attachments (the Bates ranges of e-mail attachments)

## II.  DEFINITIONS

1. The word "all" means any and all.

2. "Defendant" means Andrew Northwall.

3. The words "document," "documents" or "documentation" is used in these Interrogatories and Requests for Production in the broad and liberal sense and means written, typed, printed, recorded or graphic matter, however stored, produced or reproduced, of any kind and description and whether an original, master, duplicate or copy, including, but not limited to, papers, notes, accounts, books, advertisements, letters, memoranda, notes of conversations, contracts, agreements, drawings, telegrams, electronic mail, tape recordings, communications, including inter-office and intra-office memoranda, reports, studies, working papers, corporate records, minutes of meetings, notebooks, bank deposit slips, bank checks, cancelled checks, diaries, diary entries,

Page 3 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations or negotiations, meetings or conferences or things similar to any of the foregoing, and to include any data, information or statistics contained within any data storage modules, tapes, discs, diskettes, or other memory device, or other information retrievable from any storage systems, including, but not limited to, computer-generated reports and printouts.

A. To be more specific, and for the purposes of the instant litigation, in addition to the traditional meaning, "document" or "documents" are electronically stored information including, but not limited to e-mail, voice mail, instant messages, word processing documents and spreadsheets present on any type of storage media; i.e., CPU hard-drive, network server, floppy disc, backup tapes, Zip cartridges, cell phones, Blackberry and other similar hand held devices, CDs and DVDs, whether or not such files have been reduced to paper printouts and all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser generated history files, caches and "cookie" files; all backup storage media; and any other files generated through the use of computers and/or telecommunications including, but not limited to, voicemail.

B. The word "document" or "documents" also includes data compilations from which information can be obtained and translated, if necessary, by Defendant through detection devices in a reasonably usable form. If any document has been modified by the addition of notations or otherwise or has been prepared in multiple copies which are not identical, each modified copy or un-identical copy is a separate "document."

Page 4 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

4. The word "knowledge" means first-hand information and information derived from any other source, including hearsay knowledge.

5. The words "relate to," "relates to," "relating to," or "regarding" mean constitutes, contains, demonstrates, embodies, reflects, identifies, states, refers to, deals with, negates, or is in any way pertinent to, in whole or in part.

6. The words "Applicable Statutory Period" means the period starting three years preceding the filing of the Original Complaint in this case and continuing through the trial.

7. "*" when accompanying another term is a Boolean modifier, indicating that the term accompanying the asterisk is intended to encompass any and all variations of the root term. For example, "Supervise*" encompasses "Supervise," "Supervises," "Supervising," etc.

8. "Plaintiff" refers to Brandon Washington.

### III. INTERROGATORIES AND REQUESTS FOR PRODUCTION

<u>INTERROGATORY NO. 1.</u> Please state the names, addresses, and telephone numbers of all persons who provided information used in answering these Interrogatories and state the information provided by each person identified.

<u>INTERROGATORY NO. 2.</u> Please identify by name, address, and title of each and every person who has or may have knowledge of or information regarding any discoverable matter relating to the subject matter of this lawsuit, or matters pleaded with particularity in Defendant's Answer, whether or not that person will be called as a witness.

Page 5 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

INTERROGATORY NO. 3. Please state the name, address, place of employment and telephone number of each witness Defendant will or may call at the trial of this matter, and state, with respect to each, the expected subject matter of his or her testimony.

INTERROGATORY NO. 4. Please state the names, addresses, and telephone numbers of all persons who will be called or whose advice, opinion, or services were sought as expert witnesses in this matter, as well as the names, addresses, and telephone numbers of the employers of all such persons in this matter, as well as a brief summary of each identified person's expected testimony, if they will be called to testify.

INTERROGATORY NO. 5. Please describe in detail how Plaintiff was paid by Defendant during the Applicable Statutory Period, including the amount of compensation, method of compensation, whether he received the same amount of pay regardless of how many hours he worked, whether he received any compensation in addition to hourly, salary, per diem, piece rate and/or day rates, and, if so, the circumstances under which he would receive compensation in addition to hourly, salary, per diem, piece rate and/or day rates.

INTERROGATORY NO. 6. Please state how many hours Defendant contends that Plaintiff worked each and every individual week during the Applicable Statutory Period.

INTERROGATORY NO. 7. Please state the salary, day rate, per diem, piece rate or hourly wage of Plaintiff for each and every individual week during the Applicable Statutory Period.

INTERROGATORY NO. 8. Please describe in detail all duties, responsibilities, and work required of Plaintiff during the Applicable Statutory Period, the time when such work

Page 6 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

was to be performed, and if the duties changed over time. If the duties changed over time, please state when and how the duties changed and how those changes were communicated to Plaintiff.

INTERROGATORY NO. 9. Please state the terms and conditions of any and all oral or written agreements between Defendant and Plaintiff regarding the method for compensation, including the rates of pay, and the recording of and payment for hours worked by Plaintiff during the Applicable Statutory Period.

INTERROGATORY NO. 10. Please identify steps Defendant has taken to locate and preserve documents and ESI which are relevant to this case, including, but not limited to, text or email messages to or from Plaintiff and/or other employees of Defendant, or other documents pertaining to Plaintiff's claims or Defendant's defenses or contentions in this case.

INTERROGATORY NO. 11. Please state each and every fact that supports each affirmative defense that Defendant raised in Defendant's Answer or that Defendant intends to raise at any time in this action.

INTERROGATORY NO. 12. Please identify Defendant's efforts to find all documents responsive to Plaintiff's Requests for Production of Documents, and identify all persons involved in searching for documents, consulted, or interviewed who in any way provided documents or information related to these Interrogatories or to any Requests for Production of Documents.

Page 7 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

INTERROGATORY NO. 13.    Please identify each exemption to the FLSA that Defendant contends applies to Plaintiff, and for each such exemption, all of the facts known to Defendant in support thereof.

INTERROGATORY NO. 14.    Please identify and list all evidence Defendant intends to use at any hearing, deposition, or trial of this case.

INTERROGATORY NO. 15. Please identify your job title, job duties, and responsibilities at NS Consulting, LLC., during the Applicable Statutory Period.

INTERROGATORY NO. 16. Please state the average number of hours per week you worked for NS Consulting, LLC, during the Applicable Statutory Period.

INTERROGATORY NO. 17. Please identify who hired and/or fired Plaintiff to perform work for NS Consulting, LLC., during the Applicable Statutory Period.

INTERROGATORY NO. 18. Please identify who set Plaintiff's work schedule at NS Consulting, LLC., during the Applicable Statutory Period.

INTERROGATORY NO. 19. Please identify who supervised Plaintiff in the work he performed for NS Consulting, LLC., during the Applicable Statutory Period.

INTERROGATORY NO. 20.    Please identify Defendant's process of deciding not to pay Plaintiff overtime for all hours worked in excess of forty (40) per week at the rate of time and one half of their regular rate of pay.  Please identify each factor Defendant considered when making such decision and the name and job title of every person who participated in making the decision.

INTERROGATORY NO. 21.    Please identify whether Defendant received any complaints (verbal or in writing) regarding Plaintiff's pay and how it was calculated within

Page 8 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

the Applicable Statutory Period. Please identify the name and job title of every person who made and received the complaint.

INTERROGATORY NO. 22. Please identify all charges, complaints, petitions, lawsuits (other than this lawsuit), grievances, or other claims filed, made, lodged, or in any other manner brought to Defendant's attention, against Defendant, whether individually or jointly, with any federal, state, or local government agency, any court, or as an internal grievance, relating to any arising under the FLSA or state minimum wage and overtime statutes, during the past six (6) years.

REQUEST FOR PRODUCTION NO. 1. Please produce true copies of all documents and things relating to the preceding Interrogatory.

REQUEST FOR PRODUCTION NO. 2. Please produce copies of all handbooks, policies, and procedures that Plaintiff was required to follow during his employment with Defendant.

REQUEST FOR PRODUCTION NO. 3. Please produce copies of all training materials that Plaintiff was required to complete or review during his employment with Defendant.

REQUEST FOR PRODUCTION NO. 4. Please produce a complete copy of Plaintiff's personnel file.

REQUEST FOR PRODUCTION NO. 5. Please produce copies of all documents, including any timesheets, timeclock records, and schedules, that may reflect Plaintiff's hours of work during the Applicable Statutory Period. Please produce Plaintiff's time records in an Excel or delimited text format, if available.

Page 9 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

REQUEST FOR PRODUCTION NO. 6.  Please produce copies of all pay records reflecting monies paid to Plaintiff during the Applicable Statutory Period. Please produce Plaintiffs' pay records in an Excel or delimited text format, if available.

REQUEST FOR PRODUCTION NO. 7.  Please produce copies of all logs maintained by Plaintiff and submitted to Defendant during Plaintiff's employment with Defendant reflecting any work Plaintiff performed for Defendant, Plaintiff's hours or Plaintiff's compensation.

REQUEST FOR PRODUCTION NO. 8.  Please produce copies of all evaluations of Plaintiff during the Applicable Statutory Period.

REQUEST FOR PRODUCTION NO. 9.  Please produce copies of all correspondence, whether by letter, memorandum, email, text message, or other means, between Plaintiff and any employee or agent of Defendant within the Applicable Statutory Period, relating to hours worked, pay received, or job duties and tasks performed.

REQUEST FOR PRODUCTION NO. 10.  Please produce a copy of all emails beginning three years before the filing of the Original Complaint (to the present) sent to or received through the email addresses of all employees of Defendant who set the pay policies for Plaintiff and/or dictated Plaintiff's work schedule and duties that contain any of the terms listed below.  For each responsive email, produce these emails with attachments enclosed in their original unaltered form.  Please do not delete any metadata.

a)   Supervisor,

b)   Independent Contractor,

c)   Price,

Page 10 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

    d)    Negotiate,

    e)    Shift,

    f)    Hours,

    g)    Pay,

    h)    Training,

    i)    Schedule,

    j)    On call,

    k)    Overtime,

    l)    Exempt*,

    m)    Duties,

    n)    DOL,

    o)    Hire*, and

    p)    Fire*.

<u>REQUEST FOR PRODUCTION NO. 11.</u>Please produce any and all documents Defendant will or may use to negate Plaintiff's claims or to support Defendant's defenses or for any other purpose in the context in this case, including documents to be used at depositions, hearings, pleadings, motions, and trial.

Page 11 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.

Respectfully submitted,

**PLAINTIFF BRANDON WASHINGTON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**LEAD COUNSEL FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via email on March 21, 2023, to the attorneys listed below:

Scott Lautenbaugh
THE LAW OFFICES OF SCOTT LAUTENBAUGH
16407 Taylor Street
Omaha, Nebraska 68116
(402) 702-1022
Facsimile: (531) 329-6976
scott@lautenbaugh.com
Attorney for Defendants

*/s/ Josh Sanford*
**Josh Sanford**

Page 12 of 13
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (D. Ne.) No. 8:22-cv-232
Plaintiff Brandon Washington's First Set of Interrogatories and
Requests for Production to Defendant Andrew Northwall.