IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| BRANDON WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>NS CONSULTING, LLC, and ANDREW NORTHWALL,<br><br>Defendants. | CASE NO. 8:22-CV-232<br><br>PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL RESPONSE TO WRITTEN DISCOVERY |

Plaintiff Brandon Washington, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Brief in Support of his Motion to Compel Response to Written Discovery, does hereby state and allege as follows:

## FACTUAL BACKGROUND

This action concerns claims for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq* (the "AMWA"), AND Ark. Code Ann. § 11-4-405 Plaintiff, an employee of Defendants. On March 21, 2023, Plaintiff propounded written discovery on Defendants, through Defendants' counsel. *See* Exhibits 1 & 2. Said discovery consisted of the Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendants. Defendants' responses were due on April 20, 2023. *See* Exhibit 3, Email Serving Discovery on Defendants.

In the months following service of the aforementioned discovery, Defendants' counsel has suffered health issues, some severe enough to warrant hospitalization.

Page 1 of 7
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (Dist. Neb.) Case No. 8:22-cv-232
Motion to Compel Response to Written Discovery

Throughout Defendants' counsel's health concerns, counsel for Plaintiff, Mr. Colby Qualls, who has since withdrawn from this matter as counsel for Plaintiff, repeatedly tried to maintain communication with Defendants' counsel as to the status of this matter in general, as well as, the status of Defendants' responses to the aforementioned discovery requests; however, Plaintiff's counsel has not had much success in his attempts at maintaining said communications.

On April 26, Plaintiff's counsel emailed Defendants' counsel to inquire as to the status of the discovery responses, then past-due. *See* Exhibit 4, April 26 Email. Plaintiff's counsel warned that he would send a good faith letter unless he heard back from Defendants' counsel in the near future. *See Id.* Plaintiff's counsel did not receive a response. On April 28, 2023, Plaintiff sent a Good Faith Letter to Defendants' counsel requesting complete responses to the requests. *See* Exhibit 5. Specifically, Plaintiff made the following requests for further responses.

> This is in regard to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant, which were served on March 21, 2023. Defendant's discovery responses were due April 20, 2023. To date, we have not received any response to our discovery requests. Given that the written discovery deadline is fast-approaching (June 1, 2023), we are requesting that discovery responses be provided by May 10, 2023, or we will have to take additional steps. Please consider this letter, per Fed. R. Civ. P. Rule 37, a good faith effort to resolve any potential dispute in this matter.

On May 12, Plaintiff's counsel called Defendants' counsel to inquire about the discovery responses, but Defendants' counsel did not answer the call and Plaintiff's counsel had to leave a voicemail. On that same date, Plaintiff's counsel also emailed Defendant's counsel informing him that he would be contacting the Court as early as May 15 to set a conference to discuss the discovery issue. *See* Exhibit 6.  On May 15,

Page 2 of 7
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (Dist. Neb.) Case No. 8:22-cv-232
Motion to Compel Response to Written Discovery

Defendants' counsel finally responded to Plaintiff's counsel via email and informed Plaintiff's counsel that he had been home bound for the past month due to health issues. *See* Exhibit 7. Defendants' counsel indicated that he may need to withdraw from the case. *Id.* Plaintiff's counsel responded to Defendants' counsel on May 15 and asked Defendants' counsel to please let him know as soon as possible on how they planned to proceed, keeping in mind the approaching case deadlines. *See* Exhibit 8. On May 18, and after Plaintiff's counsel had not heard back from Defendants' counsel, Plaintiff's counsel suggested via email to Defendants' counsel that maybe the Parties should file a Joint Motion to Stay Deadlines in the interim. *See* Exhibit 9. On May 24, and after Plaintiff's counsel had not heard back from Defendants' counsel, Plaintiff's counsel emailed the Court pursuant to the Amended Case Progression Order (ECF No. 16) to schedule a conference with the Court to discuss the discovery dispute. *See* Exhibit 10.

The Court held a telephonic conference concerning the discovery dispute with Plaintiff's counsel and Defendants' counsel on June 1, 2023. *See* ECF No. 23. An additional status conference was set for July 6, 2023, and the deadline for completing written discovery was extended to July 6 as well. *Id.* On June 28, Plaintiff's counsel emailed Defendants' counsel inquiring on the status of the discovery responses. *See* Exhibit 11. Plaintiff's counsel did not receive a response to this email. On July 6, the Court held a second telephonic conference with Plaintiff's counsel and Defendants' counsel. *See* ECF No. 24. The Court stayed all unexpired deadlines until August 9, which was the date for planning conference. *Id.* The Court ordered that counsel should inform the Court either before or at the planning conference whether the case would be ready to re-progressed or if substitute counsel would be entering an appearance for Defendants.

**Page 3 of 7**
**Brandon Washington v. NS Consulting, LLC, et al.**
**U.S.D.C. (Dist. Neb.) Case No. 8:22-cv-232**
**Motion to Compel Response to Written Discovery**

*Id.* On August 9, the Court held the scheduled planning conference, and Defendants' counsel did not appear. *See* ECF No. 25. The Court granted leave for Plaintiff to file a motion to compel written discovery responses. *Id.*

To date, no responses to Plaintiff's written discovery requests or to Plaintiff's April 28 Good Faith Letter have been received from Defendants. Plaintiff has acted in accordance with Rule 37(a)(1) and Local Rule 7.1(j) by sending his Good Faith Letter to Defendants, but Defendants have failed to respond in any fashion.

## ARGUMENT

Defendants have failed to provide discovery responses in this matter despite Plaintiff's good faith attempt to obtain them. As such, Plaintiff is entitled to an order compelling the discovery responses from Defendants along with appropriate sanctions for having to enlist the Court's intervention in this dispute.

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. R. 37(a)(1). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a [party fails to answer an interrogatory or request for production of documentation. Fed. R. Civ. P. R. 37(a)(3)(B). Evasive or incomplete responses must be treated as a failure to respond. Fed. R. Civ. P. R. 37(a)(4). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that

Page 4 of 7
**Brandon Washington v. NS Consulting, LLC, et al.**
**U.S.D.C. (Dist. Neb.) Case No. 8:22-cv-232**
**Motion to Compel Response to Written Discovery**

conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees and costs. Fed. R. Civ. P. R. 37(a)(5).

As previously stated, on March 21, 2023, Plaintiff propounded written discovery on Defendants, through Defendants' counsel. *See* Exhibits 1 & 2. Said discovery consisted of Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendants.

On April 28, 2023, Plaintiff sent a Good Faith Letter to Defendants' counsel requesting complete responses to the requests. *See* Exhibit 3. As outlined above, Plaintiff's counsel has made multiple contact attempts and attended two status conferences in an attempt to resolve this discovery issue and, to date, no response to Plaintiff's written discovery requests have been received.

Plaintiff's requests for information and documentation from Defendants are reasonable. As there are no legitimate reasons for not providing the information requested in Plaintiff's discovery requests, this Court should order Defendants to produce it.

Defendants should also be ordered to pay Plaintiff's reasonable attorney's fees and costs in connection with this Motino to Compel. The Federal Rules of Civil Procedure provide that, if a motion to compel is granted, then the Court "must … require the party … whose conduct necessitated the motion … to pay … the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). In *American atheists, inc. v. Rapert,* No. 4:19-cv-00017-KGB, 2022 WL 2959908, at *15 (E.D. Ark. July 26, 2022), the United States District Court for the Eastern District of

Page 5 of 7
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (Dist. Neb.) Case No. 8:22-cv-232
Motion to Compel Response to Written Discovery

Arkansas ordered the party moving to compel discovery to submit an attorney's fee petition after it granted the motion to compel. In so holding, the court explained that the motion to compel was filed because the non-moving party "did not relent in his opposition to discovery" even after the moving party had "sen[t] a letter, sen[t] emails, and [held] a conference call." *Id*. The court further noted that the non-moving party "doubled down on his boilerplate objections in many instances without requesting a protective order or submitting a privilege log, where doing so could have alleviated many of his purported concerns about information being sought." *Id.* Defendants have committed similar conduct as outlined in *Rapert*, requiring Plaintiff to file this Motion to Compel to obtain relief. Defendants conduct and flagrant disregard for the federal Rules of Civil Procedure cannot be justified. Accordingly, if the Court grants this motion, Plaintiff is entitled to the reasonable expenses it incurred in connection with preparing the Motion. Plaintiff respectfully requests that the Court grant leave to submit a fee petition.

          Respectfully submitted,

          **PLAINTIFF BRANDON WASHINGTON**

          */s/ Josh Sanford*
          Ark. Bar No. 44358
          Attorney for Plaintiff
          SANFORD LAW FIRM, PLLC
          Kirkpatrick Plaza
          10800 Financial Centre Pkwy, Suite 510
          Little Rock, Arkansas 72211
          Telephone: (501) 221-0088
          Facsimile: (888) 787-2040
          josh@sanfordlawfirm.com

Page 6 of 7
**Brandon Washington v. NS Consulting, LLC, et al.**
**U.S.D.C. (Dist. Neb.) Case No. 8:22-cv-232**
**Motion to Compel Response to Written Discovery**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff-Appellee, furnishes the following in compliance with Local Rule 7.1(d)(3):

1. This brief complies with the type-volume limitation of Local Rule 7.1(d)(3) because this brief contains 1,740 words, including the caption, headings, footnotes and quotations.

Dated: September 5, 2023

*/s/ Josh Sanford*
**Josh Sanford**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing MOTION was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Scott Lautenbaugh, Esq.
THE LAW OFFICES OF SCOTT LAUTENBAUGH
16407 Taylor Street
Omaha, Nebraska 68116
Telephone: (402) 702-1022
Facsimile: (531) 329-6976
scott@lautenbaugh.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 7 of 7
Brandon Washington v. NS Consulting, LLC, et al.
U.S.D.C. (Dist. Neb.) Case No. 8:22-cv-232
Motion to Compel Response to Written Discovery