# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BRANDON WASHINGTON,**<br><br>Plaintiff,<br><br>vs.<br><br>**NS CONSULTING, LLC, and ANDREW NORTHWALL**<br><br>Defendants. | **CASE NO. 8:22-CV-232-BCB-MDN**<br><br>**ORDER ON<br>FINAL PRETRIAL<br>CONFERENCE** |

A final pretrial conference was held on the 15th day of May, 2024, before the undersigned magistrate judge. Appearing for the parties as counsel were:

Josh Sanford, Sanford Law Firm, PLLC, for Plaintiff.

William F. McGinn, McGinn, McGinn Law Firm, for Defendants.

(A)    Exhibits.  See attached Exhibit List.

(B)    Uncontroverted Facts.  The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1.    The United States District Court for the District of Nebraska has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

2.    Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in his complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

3. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Nebraska has personal jurisdiction over Defendants, and Defendants therefore "reside" in Nebraska.

4. In the course of performing his work for NS Consulting, LLC, Plaintiff regularly used instrumentalities of interstate commerce such as his cell phone, computer, and the internet.

5. Plaintiff was paid $7,000 per month.

6. Plaintiff was not paid for the final month he worked for Defendants.

7. Defendants did not provide Plaintiff with a timekeeping system by which he could track his time at work.

(C)   Controverted and Unresolved Issues.   The issues remaining to be determined and unresolved matters for the court's attention are:

**The issues of fact expected to be contested.**

1. The number of hours worked by Plaintiff each week.

2. Plaintiff's job duties.

3. Whether Defendants hired Plaintiff to work indefinitely.

4. The nature and degree of control over Plaintiff by Defendants.

**The issues of law expected to be contested.**

1. Whether Plaintiff was an employee as that term is used in the FLSA and the AMWA.

2. Defendant Northwall's employer status under the FLSA and AMWA.

3. Plaintiff's exemption status from the minimum wage and overtime requirements of the FLSA.

4. Plaintiff's exemption status from the minimum wage and overtime requirements of the AMWA.

5. Liquidated damages (i.e., whether Defendants acted in objective and subjective good faith in failing to compensate Plaintiff as required under the FLSA).

6. The amount of damages owed to Plaintiff.

(D) Witnesses. All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Plaintiff expects to call:

Brandon Washington
c/o Sanford Law Firm, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: 501-221-0088

Andrew Northwall in his individual capacity and in his capacity as representative of NS Consulting, LLC.
c/o MCGINN, MCGINN LAW FIRM
Council Bluffs, IA 51501
Telephone: (712) 328-1566

Plaintiff may call:

Any person identified by Defendants in Defendants' disclosures and discovery responses.

[List names and addresses of all persons who will testify in person only. Residential addresses must be listed by city and state only. The parties' witness lists shall identify those witnesses each party expects to be present and those witnesses the party may call if the need arises, and shall also identify, by placing an "(F)" following the name, any witness whose testimony is intended to be offered solely to establish foundation for an exhibit for which foundation has not been waived.]

3

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Defendants expects to call:

Brandon Washington
c/o Sanford Law Firm, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: 501-221-0088

Andrew Northwall in his individual capacity and in his capacity as representative of NS Consulting, LLC.
c/o MCGINN, MCGINN LAW FIRM
Council Bluffs, IA 51501
Telephone: (712) 328-1566

[Same instructions as above.]

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness who has been identified as offering testimony solely to establish foundation for an exhibit shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

(E)  Expert Witnesses' Qualifications. Experts to be called by plaintiff and their qualifications are:

None.

[Set out the qualifications of each person expected to be called as an expert witness. A curriculum vitae or resume may be attached in lieu of setting out the qualifications.]

Experts to be called by defendant and their qualifications are:

4

None.

[Same instructions as above.]

(F) Voir Dire. Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

Not applicable.

(G) Number of Jurors. Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of N/A members.

(H) Verdict. The parties [will] [will not] stipulate to a less-than-unanimous verdict. (If applicable), the parties' stipulation is: Not applicable.

(I) Briefs, Instructions, and Proposed Findings. Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial Briefs: June 10, 2024

Proposed Jury Instructions: Not applicable.

Proposed Findings of Fact: June 10, 2024

(J) Length of Trial. Counsel estimate the length of trial will consume not less than 1 day(s), not more than 2 day(s), and probably about 1 day(s).

(K) Trial Date. Trial is set for 9:00 a.m. CST on June 17, 2024.

5

Respectfully and jointly submitted,

| | |
|---|---|
| */s/ Josh Sanford* <br> Josh Sanford <br> Ark. Bar No. 2001037 <br> josh@sanfordlawfirm.com <br> SANFORD LAW FIRM, PLLC <br> Kirkpatrick Plaza <br> 10800 Financial Centre Pkwy, Suite 510 <br> Little Rock, Arkansas 72211 <br> Telephone: (800) 615-4946 <br> Facsimile: (888) 787-2040 <br><br> **ATTORNEY FOR PLAINTIFF** | */s/ William F. McGinn* <br> William F. McGinn, #24477 <br> bmcginn@mcginnlawfirm.com <br> MCGINN, MCGINN LAW FIRM <br> 20 North 16th Street <br> Council Bluffs, Iowa <br> Telephone: (712) 328-3707 <br> Facsimile: (888) 787-2040 <br><br> **ATTORNEY FOR DEFENDANTS** |

BY THE COURT:

_____
United States Magistrate Judge